CASE 106—WILL CASE—FEB. 24.

## Pelley's Administrator, Etc. v. Earles, Etc.

### APPEAL FROM ADAIR CIRCUIT COURT.

WILLS—FORM IMMATERIAL.—A writing which by its terms gives a sum of money to a named person, "if she should be the longest lived," with a provision against assignment and against collection in the obligor's lifetime, signed by the maker, is a valid will.

J. F. MONTGOMERY FOR THE APPELLANTS.

The paper in contest is not a testamentary paper but a mere obligation. It lacks this essential of a will; it is not revocable in the testator's lifetime.

BAKER & WINFREY FOR THE APPELLEE.

The paper in contest is a valid will. Jackson v. Jackson, 6 Dana, 257; 2 Black, 500; 1 Jarman on Wills, 11; note to Am. & Eng. Ency. of Law, 146, on "Wills."

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Hickman Pelley died leaving a paper as follows, to-wit:

"I have this day concluded to make Mary Ann Earles a donation for the time she has lived with me, to support her if she should be the longest lived, say three hundred dollars, and notes now due to her; and it is distinctly understood that this obligation is not to be sold nor assigned, nor no attempt to collect it in my lifetime, without my consent. Hickman Pelley.

" I now add fifty dollars more to Jan'y 1 day, 1890. Hickman Pelley.

"I now add one hundred dollars more to Jan'y 1 day, 1894. Hickman Pelley.

"I now add fifty dollars more. Hickman Pelley,"—upon

the back of which paper he made the following indorsement: "Hickman Pelley to Mary Ann Earles. Obligation."

The county and circuit court adjudged it to be of testamentary character, and it was probated as a will. It was produced by Mary Ann Earles after the death of Pelley. The paper shows that the testator intended that Mary Ann Earles should have the various sums named. They were not to go to her in *her lifetime*, but were to go to her in the event she survived Pelley. It was not an obligation that could be enforced in *his lifetime*, because he expressly provided that that could not be done. The language shows that the money was to go to her for her support, *"if she should be the longest lived;"* clearly manifesting his intention that it was to go to her upon *his death.* The form does not affect the validity of an instrument as a testament, provided it appears to have been the intention of the decedent that it should operate *after his death.*

The execution of the paper, and the additions thereto, were testamentary acts of Pelley, and were dispositions of the sums therein specified, to take effect after his death. Jackson v. Jackson's Adm'r, 6 Dana, 257.

In the case cited this court adjudged that a promissory note, payable after the death of the promisor, was of a testamentary character.

The judgment is affirmed.